JARVIS & SPITZ, INC., Appellant, v. MICHAEL FEDERATION, Doing Business as CERTIFIED WELDING WORKS, Respondent.— Memorandum: The contract between the parties was oral and provided simply for welding joints at a fixed price per weld and did not provide for furnishing protection during the process of welding. The defendant was not under a duty to protect the work, either as a matter of contract law or tort law. Therefore, there could not be a violation of duty by the defendant. The findings of the trial court to the contrary are disapproved and reversed. No question of third-party indemnity was involved herein. Findings upon that subject are also disapproved and reversed. (Appeal from judgment of Monroe Equity Term dismissing plaintiff's complaint on the merits, in an action for damages alleged to have been sustained by reason of negligence and breach of contract in construction work.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

NATIONWIDE INVESTORS, INC., Appellant, v. UNITED OFFICE BUILDING, INC., Respondent.— Memorandum: As the Trial Justice indicated in his opinion, there were questions in the case which could not be resolved without the presence in the action, as parties thereto, of the original owners of the controlling stock of the defendant corporation and the purchasers of the stock. In our judgment, the ultimate question of the enforcibility of the alleged contract of sale between the corporate parties could not properly be resolved without having those underlying questions determined. Therefore, the Trial Justice should not have undertaken to make a final disposition of the action on the merits without the joinder of the parties mentioned (cf. Civ. Prac. Act, § 193). The original stockholders and the purchasers of the stock should be joined as parties defendant before a new trial is held. (Appeal from judgment of Niagara Trial Term dismissing plaintiff's complaint upon the merits in an action for specific performance of contract to sell real property.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

EDWARD AMEROSE, Appellant, v. JAMES KANE, Respondent.— Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

SUN OIL COMPANY, Respondent, v. CHARLES R. SALLIS et al., Appellants.— Memorandum: In our opinion, defendants' motion papers show that their default was excusable and that they may have a meritorious defense to the action. Under the circumstances denial of defendants' motion to open their default was an improvident exercise of discretion, and the motion should be granted upon condition that the judgment stand as security. (Appeal from order of Erie County Court denying defendants' motion to open their default and vacate judgment against them.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.