■ DAVID MEISNER, Respondent, v KENNETH V. CRANE, Individually and Doing Business as B-JACK FARMS, Appellant.— Kane, J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered November 27, 1985 in Columbia County, which, *inter alia,* granted plaintiff's cross motion for summary judgment, and (2) from an order of said court, entered December 5, 1986 in Columbia County, which denied defendant's motion for renewal.

B-Jack Farms is a partnership formed for the purpose of engaging in "activities of Farming and Investments in Real Estate". Originally, the partnership consisted of John Daniel, Robert Graham and defendant. Daniel withdrew as a partner in 1980 and Graham in December 1983. Defendant's daughter, Tammy Crane, became a partner on December 1, 1983. Prior to Graham's withdrawal, and on September 30, 1983, the partnership conveyed a 10-acre parcel of land in the Town of Claverack, Columbia County, to Martin Davidson. This conveyance consummated negotiations between the parties which were described in a letter dated June 14, 1983 from Graham, a New Jersey attorney, to Davidson wherein Graham, recognizing Davidson's "urgent desire" to purchase an adjoining 35 acres, granted to Davidson, on behalf of the partnership, "a right of first refusal" to purchase the desired 35 adjoining acres in the event the partnership offered it for sale, assuring Davidson he would receive sufficient notice of any proposed sale so that he could exercise his option. On December 29, 1983, Graham conveyed his remaining interest in the partnership property to defendant.

On March 11, 1984, defendant, having forgotten about the right of first refusal granted to Davidson, entered into a written agreement with plaintiff to sell to him the same 35-

acre parcel (hereinafter the subject property) upon which Davidson held the right of first refusal. The contract price at $1,200 per acre was to be determined by an accurate survey by a licensed surveyor. A few weeks later, defendant received word from Davidson that he desired to exercise his option to acquire the subject property at the same price, in accordance with his right of first refusal, granted in the letter of June 14, 1983.

Once reminded of the right of first refusal given to Davidson, defendant informed plaintiff of his dilemma and offered to refund plaintiff the down payment and to reimburse him for any expenses incurred. Defendant also offered to convey another parcel in the same vicinity to plaintiff. When defendant refused to convey the subject property to plaintiff, plaintiff, by summons dated June 20, 1984, commenced this action for specific performance and damages; in conjunction with this action, plaintiff also filed a lis pendens.[1] By deed dated June 18, 1984 and recorded February 21, 1985, defendant transferred the subject property to Davidson for $41,755.20, the price established in the right of first refusal.

In due course, defendant moved for summary judgment based upon the right of first refusal. Plaintiff cross-moved for summary judgment based upon the contract of sale, seeking an order granting him specific performance. Supreme Court denied defendant's motion, granted plaintiff's cross motion, and directed that the contract of sale be specifically performed and that a hearing on the issue of plaintiff's damages be held. Defendant appealed this order and also moved to reargue. The court denied this motion. Defendant then moved to renew his motion based on newly discovered facts. the court denied the motion to renew. Defendant also appeals from this order.[2]

We reverse, since it is our opinion that Supreme Court erred in concluding that the right of first refusal was invalid. Supreme Court determined that even if Graham and defendant were treated as partners, one could not bind the other in an agreement for the sale of the subject property. The court relied on *Mid W. Control Corp. v Burke* (2 Misc 2d 401), which

1. We are unable to ascertain the date the lis pendens was filed as the record does not contain a copy of same.

2. It appears that Davidson is a necessary party to this litigation (*see,* CPLR 1001 [a]; *Spuches v Royal View,* 13 AD2d 815, 816; *see also, Bisbee v Consolidated Gas Supply Corp.,* 103 AD2d 998; *Nationwide Investors v United Off. Bldg.,* 14 AD2d 833). However, upon oral argument, counsel informed us that Supreme Court had adjudicated that Davidson was not a necessary party and that no appeal was taken from that order.

held that there was a question of fact as to whether one partner had the authority to surrender certain partnership property so as to bind the partnership when such an act was not in the ordinary course of the partnership business and would have resulted in the termination of the partnership business *(see,* Partnership Law § 20 [3]). However, the facts herein are distinguishable from *Mid W. Control Corp. v Burke (supra).* Here, the sale of the subject property does not trigger the demise of the partnership and was in the scope of this partnership's business. Accordingly, since the partnership was engaged in the business of investing in real estate, Graham was engaged in partnership business when he agreed to give Davidson his right of first refusal and, thus, his actions bound the partnership *(see,* Partnership Law § 20 [1]; § 21 [4]).

Further, a review of the record demonstrates that the right of first refusal was an integral part of the transaction in which the 10-acre parcel was sold to Davidson and, accordingly, was supported by consideration *(see, Di Maria v Michaels,* 90 AD2d 676). During his negotiations in 1983 with the partnership, Davidson expressed the "urgent desire" to purchase the subject property, together with the adjacent 10-acre parcel, which he eventually purchased in September 1983. Although the partnership was not willing at that time to sell the subject property, they agreed to grant Davidson a right of first refusal *(see, Rowlee v Dietrich,* 88 AD2d 751) and, accordingly, Davidson purchased the 10-acre parcel. We also note that the exercise price of the right of first refusal was established as the same price another party offered *(see,* 62 NY Jur, Vendor and Purchaser, § 17, at 220-221 [1968]; *see also, Cortese v Connors,* 1 NY2d 265; *Loika v Howard,* 103 AD2d 874). Defendant should therefore be granted summary judgment with respect to plaintiff's cause of action seeking specific performance.

In the alternative, plaintiff asserted a second cause of action seeking damages for defendant's breach of the sale contract. Defendant moved for summary judgment on this cause of action, asserting that plaintiff's damages total $2,500.[3] Accordingly, defendant asked that summary judgment be granted dismissing this cause of action, contingent upon defendant paying plaintiff the sum of $2,500. Plaintiff has never offered opposition to this portion of the motion. Accordingly, we grant this portion of defendant's motion for summary judgment contingent upon defendant paying plaintiff the sum of $2,500.

---

3. This amount represents the down payment and surveying costs incurred by plaintiff.

Since we reverse the order entered November 27, 1985, the appeal from the order entered December 5, 1986 becomes academic.

Order entered November 27, 1985 reversed, on the law and the facts, without costs, and defendant's motion for summary judgment dismissing the complaint granted upon condition that defendant pay plaintiff the sum of $2,500.

Appeal from order entered December 5, 1986 dismissed as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.