■ In the Matter of CARMON CARNIBUCCI, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT DIVISION FOR YOUTH et al., Respondents. [635 NYS2d 820] —White, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered August 3, 1994 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, for, *inter alia*, an award of back pay to the date of his reinstatement.

From August 31, 1981 to August 10, 1991, petitioner was employed as a Youth Division Aide IV at a "secure facility" for juvenile delinquents operated by respondent Division for Youth. After petitioner injured his back in a work-related incident on September 9, 1985, he missed work due to back problems for a number of weeks over the next few years. Petitioner, who received workers' compensation benefits during these absences, sustained another injury to his back on May 22, 1991 and had to miss more time from work. These latter absences were attributed to the original September 1985 injury and, since the cumulative total of absences stemming from a single injury allegedly totaled more than one year, petitioner was informed that pursuant to Civil Service Law § 71 his services were being terminated effective August 10, 1991.

Thereafter, petitioner commenced this CPLR article 78 proceeding alleging that respondents' computation was erroneous because the second injury was separate and unrelated to the first injury and seeking, *inter alia*, reinstatement to his former position with back pay and benefits. Significantly, on May 27, 1992, the Workers' Compensation Board ruled that petitioner's second back injury was unrelated to the first injury. On October 18, 1992, petitioner was reinstated to his former position. Noting that petitioner's request for reinstatement was now moot, Supreme Court, *inter alia*, directed that respondents calculate and provide petitioner with back pay, seniority and benefits from the date of his wrongful termination on August 10, 1991 to May 27, 1992, the date of the Board's determination. Petitioner now appeals, arguing principally that he should have been awarded back pay from the time of his wrongful termination to the date he was reinstated, October 18, 1992.

Initially, we reject petitioner's contention that Supreme Court erred in failing to comply with Civil Service Law § 77 in ordering back pay. As was made clear by the Court of Appeals in *Matter of Department of Personnel v New York City Civ. Serv. Commn.* (79 NY2d 806, 808), this statute does not apply where reinstatement is not ordered by the court (*see, Matter of Sassone v New York State Thruway Auth.*, 189 AD2d 86, *lv denied* 82 NY2d 658; *Matter of Department of Personnel v New York Civ. Serv. Commn.*, 180 AD2d 449, *lv denied* 80 NY2d 755).

Nevertheless, to the extent that Supreme Court found that an award of back pay would be appropriate and just under the circumstances (*see*, CPLR 3017 [a]), we agree with petitioner that the proof did not justify Supreme Court limiting the award to the May 27, 1992 date. Apparently this decision was based upon a sentence contained in a reply affidavit from petitioner's attorney, which indicated only that petitioner did not plan to make new allegations or amend the petition because of allegedly improper conduct engaged in by respondents following the May 27, 1992 date. Since this statement does not reasonably indicate that petitioner was waiving his claim to back pay or benefits from that date to the day of his reinstatement, and the record actually contains several statements by petitioner clearly requesting full back pay up to the day of reinstatement, we conclude that the proof supports an award of back pay from August 10, 1991 to October 18, 1992.

We have examined petitioner's remaining arguments, including those relating to how he claims respondents should

ultimately calculate the award, and find them to be either premature or without merit.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to petitioner, by directing that the back pay award run to October 18, 1992, and, as so modified, affirmed.