■ In the Matter of UPPER SARANAC LAKE ASSOCIATION, INC., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [693 NYS2d 336] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered April 17, 1998 in Franklin County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to find respondent in civil contempt of court.

In January 1993, petitioners commenced a CPLR article 78 proceeding to enjoin respondent from operating the Adirondack Fish Culture Station (hereinafter the Hatchery) located near Little Pond, an outlet of Saranac Lake. Petitioners maintained that the Hatchery operated in violation of various water pollution control laws and that respondent sanctioned this by issuing to itself a State Pollutant Discharge Elimination System (hereinafter SPDES) renewal permit for the Hatchery. On August 8, 1994, the parties entered into a stipulation and settlement agreement, so ordered by Supreme Court (Ryan, Jr., J.), (hereinafter the order) which purportedly resolved this conflict. To the extent relevant here, the order provided that over a two-year period, the parties would undertake a diagnostic-feasibility study of the water quality of Upper Saranac Lake and, further, that within 30 days of the date of the order, respondent would issue a two-year modified SPDES permit.

Despite the 30-day mandate expressed by the order, the modified permit was not issued until December 1994 and did not take effect until January 1, 1995. Additionally, the study, which required 12 months to complete, was not commenced until November 1995; a delay that respondent attributed to budgetary constraints. Apparently realizing that the study—including an analysis of the data collected—would not be concluded before the modified SPDES permit expired, respondent

unilaterally extended it by availing itself of the permit renewal provision in section 401 (2) of the State Administrative Procedure Act, which automatically prolonged the life of the modified SPDES permit pending determination of the renewal application. Supreme Court's rejection of petitioners' motion, brought on by order to show cause, to punish respondent for assertedly violating various provisions of the order prompted this appeal.

To establish civil contempt, it must be shown that the party to be held in contempt has, among other things, disobeyed "a lawful judicial order expressing an unequivocal mandate" (*McCain v Dinkins*, 84 NY2d 216, 226; *see*, *Ulster Home Care v Vacco*, 255 AD2d 73). Because the order at issue contains ambiguous and vague language, a finding of civil contempt is not tenable.

Petitioners are provoked by respondent's resort to the renewal process, afforded by the State Administrative Procedure Act, to continue the SPDES permit beyond the period allowed by the order. It is their contention that the order intended that expiration of the SPDES permit was to coincide with the completion of the study, thus ensuring that the permit would not be renewed unless the study showed that phosphorous discharges from the Hatchery, which were detrimental to the lake and surrounding watershed, were at acceptable levels. However, the order itself is unclear as to the interplay between the expiration of the modified SPDES permit and the completion of the study. One clause contained within the order provides that "[t]he modified permit will contain an expiration date two (2) years after its effective date". By contrast, a separate clause concerning modifications of the SPDES permit directs that "[w]ithin 30 days of this Stipulation * * * [respondent] will issue a proposed modified SPDES permit for the Hatchery to govern the period during which the Study is being performed up to the time a further permit is issued, issued with conditions or denied based upon the results of the Study". While the language employed in the latter clause is susceptible to the interpretation that the modified SPDES permit was to expire contemporaneously with the study's completion, the language of the former clause indicates that there was no such relationship. Manifestly, this portion of the order is not sufficiently explicit and clear so as to sustain a contempt finding (*see*, *Hoglund v Hoglund*, 234 AD2d 794, 796).

Ambiguity also exists as to when the study was to be completed. While the order provides that the study (which was subject to funding variables) was to be "undertaken" in two

years, there is no fixed and unequivocal date for its completion. And as for those aspects of the order which required respondent to "continue efforts * * * to reduce phosphorous-rich discharges from the Hatchery" and to comply with certain phosphorous discharge specifications, they are either too vague to support a contempt finding or there has been no showing that petitioners have been prejudiced by respondent's noncompliance (see, McCain v Dinkins, supra, at 226).

We have reviewed the remainder of petitioners' contentions and find them lacking in merit.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.