■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Appellant, and STATE OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of CARMON CARNIBUCCI, Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT DIVISION FOR YOUTH et al., Respondents. (Proceeding No. 2.) [711 NYS2d 41] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered March 17, 1999 in Albany County, which (1) granted petitioner's application in proceed-

ing No. 1 pursuant to CPLR article 75 to confirm an arbitration award, and (2) *inter alia*, dismissed petitioner's application in proceeding No. 2 pursuant to CPLR article 78 to hold respondents in contempt for failure to comply with a previous judgment.

The facts providing the background for these appeals are set forth in a CPLR article 78 proceeding commenced by petitioner Carmon Carnibucci, who was terminated by respondent Division For Youth (hereinafter the DFY) under Civil Service Law § 71 because he was absent from work for more than one year following two back injuries, one September 9, 1985 and the second May 22, 1991. In light of a May 27, 1992 determination by the Workers' Compensation Board finding the second injury unrelated to the first, Supreme Court ruled that Carnibucci had been improperly terminated and directed, since he had already been reinstated, that he be provided with back pay, seniority and benefits from the date of his wrongful termination to the date of the Board's decision. On appeal, this Court modified that judgment only to the extent of providing that Carnibucci was entitled to back pay to the date of his reinstatement (*see, Matter of Carnibucci v New York State Executive Dept. Div. for Youth*, 223 AD2d 843).

Since our decision, Carnibucci and his collective bargaining representative, petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA), have been involved in a dispute with DFY regarding the proper calculation of the back pay award, including the accreditation of sick leave accruals. Proceeding No. 1 arises from a grievance filed by CSEA on behalf of Carnibucci, under the terms of the collective bargaining agreement, seeking restoration of 39 days of sick leave accruals used to cover his absence from employment between June 18, 1991 and August 10, 1991. Although the arbitrator initially denied the grievance, after receiving additional information he issued a supplemental award concluding that the subject sick leave accruals which were utilized during Carnibucci's absence due to the May 22, 1991 injury should be restored but could not be used again for the same injury. CSEA commenced proceeding No. 1 pursuant to CPLR article 75 to confirm that supplemental award.

Shortly after the commencement of proceeding No. 1, Carnibucci commenced proceeding No. 2 pursuant to CPLR article 78 seeking, *inter alia*, judgment directing respondents to comply with the judgment as modified by this Court in *Matter of Carnibucci v New York State Executive Dept. Div. for Youth* (*supra*) by directing them to pay him full back pay without

charging his time accruals or characterizing such pay as workers' compensation supplemental payments. Carnibucci also sought an order holding respondents in contempt for failing to comply with the judgment. Following service of separate answers in both proceedings, Supreme Court joined them for common resolution. After oral argument, the court determined that resolution of the matter required the proficiency of an expert in the fields of workers' compensation and employment relations. As a result, the court referred the matter to a Referee to hear and report on the narrow issue of "whether the State's computation of Mr. Carnibucci's back-pay award and corresponding accrual charges was proper under the court decisions, arbitrator's awards, contract, statutes and regulations."

Before the Referee rendered his report, Carnibucci moved for disclosure of certain documentation purportedly related to the computation of his back pay. Thereafter, the Referee issued his report concluding, *inter alia*, that the calculation of Carnibucci's back pay was consistent with the terms of the collective bargaining agreement. However, because the Referee did not address the findings made by the arbitrator in the supplemental award, Supreme Court again referred the matter to the Referee to specifically consider that issue. Thereafter, the Referee issued a letter supplementing his report agreeing with the arbitrator that Carnibucci's sick leave accruals should be restored; however, the Referee recommended that the award be modified by providing that the recredited accruals may be used by Carnibucci for future absences due to the same injury.

After receiving the Referee's report and supplemental letter, Supreme Court rendered a decision (1) confirming the supplemental arbitration award in proceeding No. 1, (2) finding that respondents had adequately complied with the prior judgment as modified by this Court in *Matter of Carnibucci v New York State Executive Dept. Div. for Youth* (*supra*) and, therefore, were not in contempt in proceeding No. 2, and (3) denying, as moot, Carnibucci's motion for disclosure. A judgment was entered accordingly and this appeal by petitioners ensued.

Initially, we do not agree with petitioners' arguments that Supreme Court improperly appointed the Referee. They contend, *inter alia*, that the court had no authority to appoint a Referee in a proceeding to confirm an arbitration award or a proceeding to hold another party in contempt for failure to comply with a court order. They further assert that, inasmuch as the appointment was made pursuant to CPLR 4317, the court failed to obtain the consent of the parties (*see*, CPLR 4317 [a]) and the case was not the type which did not require consent (*see*, CPLR 4317 [b]).

CPLR 4001 provides that "[a] court may appoint a referee to determine an issue, perform an act, or inquire and report in any case where this power was heretofore exercised and as may be hereafter authorized by law." CPLR 4212 authorizes a court, upon its own initiative, to "submit any issue of fact required to be decided by the court" to a Referee to report "upon a showing of some exceptional condition requiring it or in matters of account." While the court cited to CPLR article 43 in its decision appointing the Referee, it clearly stated that the referral was for the purpose of having the Referee "hear and report" on the specific issue of the proper computation of Carnibucci's back pay award. Contrary to petitioners' claim, we do not find that the Referee was appointed to determine legal issues pursuant to CPLR 4317. Given the complexities surrounding the factual determination of the appropriate back pay award, we find no error in Supreme Court's appointment of the Referee to "hear and report" on that issue.

Likewise, we find no merit to Carnibucci's claim in proceeding No. 2 that Supreme Court erred in not finding DFY and its Director in contempt for failure to comply with the prior judgment. In order to support a finding of criminal or civil contempt, the court order which was not complied with must clearly and unequivocally express its mandate (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240; *Matter of Spinneweber v New York State Dept. of Envtl. Conservation*, 160 AD2d 1138, 1139). Furthermore, "[i]t must * * * appear with reasonable certainty that the order has been disobeyed" (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra*, at 240; *see, Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *amended* 60 NY2d 652).

The judgment at issue herein directed respondents to "provide petitioner with back pay * * * together with seniority, and all other benefits and emoluments to which he is entitled," but did not provide specifics concerning computation of the award of back pay. Given the provisions of the collective bargaining agreement and the fact that Carnibucci used sick leave accruals during his absence from work which were later restored, calculation of the appropriate award of back pay was no simple matter. In fact, it was the subject of considerable disagreement between the parties. Furthermore, the record discloses that, subsequent to the judgment, respondents attempted to make payments to Carnibucci toward the back pay award which he apparently refused. Under all the circumstances and given the lack of specific direction in the judgment

concerning computation of the back pay award, Supreme Court did not err in failing to hold DFY and its Director in contempt (*see, Matter of Upper Saranac Lake Assn. v New York State Dept. of Envtl. Conservation*, 263 AD2d 916).

CSEA also challenges Supreme Court's confirmation of the supplemental arbitration award in proceeding No. 1. Inasmuch as CSEA commenced that proceeding for the very purpose of obtaining confirmation of the award which Supreme Court granted, it is not an aggrieved party (*see,* CPLR 5511). Therefore, CSEA's appeal in that proceeding must be dismissed (*see, T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862).

Finally, under the circumstances presented herein, we find no abuse of discretion in Supreme Court's denial of Carnibucci's motion for disclosure. We have considered petitioners' remaining contentions and find that they are either not properly before us or are lacking in merit.

Carpinello, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the appeal in proceeding No. 1 is dismissed, without costs. Ordered that the judgment in proceeding No. 2 is affirmed, without costs.