■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [752 NYS2d 752] —Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 1, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education, inter alia, restoring respondent Robert Riccobono to his position as Community Superintendent.

Respondent Robert Riccobono began his employment as Community Superintendent of District 19 in the New York City School District in July 1995. In or about July 1998, Riccobono entered into an employment contract with petitioner Board of Education of the City School District of the City of New York (hereinafter the School Board) and its former Chancellor to serve in that capacity for an additional one-year period commencing July 1, 1999. Paragraph eight of that contract, which incorporated the then recent amendments to Education Law article 52-A (*see* L 1996, ch 720), advised Riccobono that he could be removed from this position by the Chancellor for any of the reasons set forth in Education Law §§ 2590-h and 2590-*l*.

At some point during his employment, Riccobono's supervisors apparently became disenchanted with his performance and, by letter dated July 8, 1999, notified Riccobono that he was being removed from the position of Community Superintendent pursuant to paragraph eight of his employment contract and, more specifically, Education Law §§ 2590-h and 2590-*l*. This same letter also advised Riccobono that his remedy was to appeal his removal to the School Board within 15 days. Although Riccobono pursued this avenue of relief, the School Board denied his appeal, finding that the Chancellor's decision to remove him from the position of Community Superintendent pursuant to Education Law §§ 2590-h and 2590-*l* was entirely proper.

Riccobono thereafter appealed the School Board's determination to respondent Commissioner of Education, who sustained

that portion of the appeal contending that Riccobono's removal was in violation of Education Law § 2590-*l* and directed that Riccobono "be restored to his status as a paid employee of the district * * * with back pay and benefits * * * subject, however, to whatever further proceedings, if any, the current Chancellor may elect to pursue, consistent with Article 52-A of the Education Law (including but not limited to [Education Law § 2590-f (2) and § 2590-h (30-a)]), Riccobono's employment contract, and the terms of this decision and prior Commissioner's decisions." The School Board and petitioner Harold O. Levy, the current Chancellor, then commenced this proceeding pursuant to CPLR article 78 seeking to annul the Commissioner's determination. Supreme Court ultimately dismissed petitioners' application, finding that the Commissioner's decision was neither arbitrary or capricious, affected by an error of law nor an abuse of discretion. This appeal by petitioners ensued.

The crux of petitioners' argument on appeal is that the Commissioner erroneously interpreted Education Law § 2590-*l* and, hence, his finding that Riccobono's removal violated this statutory provision was arbitrary and capricious. Education Law § 2590-*l* provides, in relevant part, as follows: "1. (a) If, in the judgment of the chancellor any * * * superintendent fails to comply with any applicable provisions of law, by-laws, rules or regulations, standards, directives and agreements, he or she may, in addition to or as an alternative to any other remedies authorized by this article, * * * issue an order requiring the * * * superintendent to cease [the] improper conduct or to take required action and consistent with the provisions of this article and the educational and operational policies of the city board, may enforce that order by the use of appropriate means, including: * * * (ii) suspension or removal of the * * * superintendent * * *. (b) Prior to the enforcement of any order authorized under this section, the chancellor shall provide an opportunity for conciliation * * * [unless] (iii) in the judgment of the chancellor, [conciliation] is contrary to the best interest of the school district." The Commissioner essentially takes the position that having invoked Education Law § 2590-*l* as a basis for Riccobono's removal, petitioners were required to follow the procedures set forth therein—namely, the issuance of an order directing Riccobono to either undertake or refrain from specific action or conduct prior to terminating his employment as Superintendent, particularly in light of the fact that Riccobono had a protected property interest in his employment. Petition-

ers, on the other hand, argue that the issuance of any such order would have been futile given Riccobono's alleged failure to comply with prior directives issued by the School Board and unnecessary in light of prior precedent (citing *Matter of Coca*, 27 Educ Dept Rep 279; *Matter of Hicks*, 15 Educ Dept Rep 141).

Based upon our review of Education Law § 2590-*l*, the cases upon which petitioners rely and the Commissioner's written determination, we cannot say that the Commissioner's interpretation of the underlying statutory provision or his finding that Riccobono's removal violated that provision was arbitrary and capricious, affected by an error of law or an abuse of discretion (*see generally Matter of Donlon v Mills*, 260 AD2d 971, 972, *lv denied* 94 NY2d 752). In concluding that the Chancellor's removal of Riccobono violated Education Law § 2590-*l*, the Commissioner reasoned that inasmuch as Riccobono had a validly executed employment contract and, hence, a protected property interest in his employment, the Chancellor was required, prior to removing Riccobono pursuant to Education Law § 2590-*l*, to issue the type of order contemplated by the statute and to provide Riccobono with a reasonable period of time to comply with the terms thereof. To hold otherwise, the Commissioner concluded, would be to render the statutory requirement of an order superfluous. In our view, the Commissioner's determination in this regard is not irrational. Simply put, once the Chancellor elected to proceed under Education Law § 2590-*l*, he was required to comply with the procedures set forth therein, which he plainly did not do, and we agree with the Commissioner that there is no reasonable basis for excusing the Chancellor's noncompliance in the matter now before us. That being the case, Supreme Court properly denied petitioners' request to annul the Commissioner's determination insofar as it pertained to the propriety of Riccobono's removal under Education Law § 2590-*l*.

The more troubling aspect of this appeal lies in the alternative bases for dismissal advanced by petitioners, namely, Education Law § 2590-h (30-a), which incorporates by reference Education Law § 2590-f (2). It will be recalled that the Chancellor's July 1999 letter cited both Education Law§§ 2590-*l* and 2590-h as grounds for Riccobono's removal from his position and, upon the initial administrative appeal, the School Board concluded that Riccobono's removal did not violate either statutory provision. The Commissioner, however, addressed only the propriety of Riccobono's removal under Education Law § 2590-*l*. Indeed, the Commissioner's order states, "In

view of this disposition, I will not discuss the parties' other claims * * *." Inasmuch as the Commissioner did not address each of the statutory provisions under which the Chancellor sought to remove Riccobono, Supreme Court could not accurately ascertain whether the underlying determination was arbitrary or capricious, affected by an error of law or an abuse of discretion. That being the case, Supreme Court should have remitted this matter to the Commissioner for the express purpose of considering and addressing the remaining statutory provisions relied upon by petitioners.

In short, while there may be valid and rational reasons for rejecting the alternative statutory provisions invoked by the Chancellor and relied upon by petitioners, the Commissioner's silence on this point makes it impossible for Supreme Court and, hence, this Court to evaluate the propriety of his overall determination. Accordingly, we deem it appropriate to withhold decision and remit this matter to Supreme Court for further proceedings not inconsistent with this Court's decision.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.