In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [778 NYS2d 786]—

Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 1, 2001 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education, inter alia, restoring respondent Robert Riccobono to his position as Community Superintendent.

When this matter was last before us, we upheld respondent Commissioner of Education's finding that respondent Robert Riccobono had been removed from his position as Community

Superintendent of District 19 in the New York City School District in violation of Education Law § 2590-*l* due to the Chancellor's failure to comply with the statutory directives set forth therein (300 AD2d 981 [2002]). Ultimately, however, we withheld decision in this matter, as the Commissioner failed to address the propriety of Riccobono's removal under Education Law § 2590-h, the alternate ground for dismissal relied upon by the Chancellor, and remitted the matter to the Commissioner for further proceedings. Upon remittal, the Commissioner concluded that where, as here, the superintendent in question has a protected property interest in his or her employment, Education Law § 2590-h requires notice and a pretermination opportunity to respond to the charges at hand. As these minimal due process protections were not afforded Riccobono, the Commissioner found that his removal under Education Law § 2590-h was improper. Supreme Court upheld the Commissioner's findings in this regard and the matter is now before this Court for consideration.

Based upon our review of the record as a whole, as well as the parties' supplemental submissions to this Court, we cannot say that the Commissioner's findings as to the propriety of Riccobono's removal under Education Law § 2590-h are either arbitrary and capricious, affected by an error of law or an abuse of discretion. Simply stated, we reject petitioners' assertion that the failure of Education Law § 2590-h to expressly delineate the due process protection to which a superintendent would be entitled evidences an intent on the part of the Legislature to afford no such safeguards to a superintendent with a protected property interest in his or her employment. As the holder of a protected property interest, Riccobono was entitled to minimal due process protection—namely, notice of the charges against him and a pretermination opportunity to respond, and it is clear that such protection is of a constitutional, not legislative, dimension (*see Cleveland Bd. of Educ. v Loudermill*, 470 US 532, 541 [1985]; *Matter of Hurwitz v Perales*, 81 NY2d 182, 186-187 [1993], *cert denied* 510 US 992 [1993]). As such protection plainly was not extended here, the Commissioner validly concluded that Riccobono's removal under Education Law § 2590-h was improper. Petitioners' remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.