■ PATRICK QUICK et al., Respondents, v ABS REALTY CORPORATION et al., Appellants. [787 NYS2d 455]—

Lahtinen, J. Appeal from an order of the Supreme Court (Spargo, J.), entered April 8, 2004 in Ulster County, which, inter alia, directed the specific performance of a real estate agreement.

Supreme Court determined in a May 2003 order that a "purchase agreement" the parties had executed was an enforceable contract and, thus, granted plaintiffs specific performance directing defendants to transfer to plaintiffs a certain parcel in the Town of Marlboro, Ulster County, in exchange for a payment of $49,000. The type of deed to be used to transfer the property was not addressed by the court. Defendants sought to use a quitclaim deed including language drawn from the purchase agreement that the transfer was "subject to 1st offer." Plaintiffs demanded a bargain and sale deed with no such condition included therein.

Plaintiffs moved, by order to show cause, to have defendants held in contempt. The parties appeared for a hearing in March 2004. At the hearing, Supreme Court indicated that there were factual issues and its May 2003 order may not have been clear regarding the type of deed as well as any permissible conditions. Plaintiffs were permitted to present the testimony of an attorney from an abstract company and defendants responded by having defendant Alan Scheiner testify. Evidence included a purchase agreement with another individual for the same property that Scheiner stated predated the agreement with plaintiffs.* At the conclusion of this proof, Supreme Court ruled that defendants must supply a bargain and sale deed without the disputed conditional language. Defendants appeal.

---

* While the agreement involving another individual set forth the month and day that it was executed, the year was not included.

Defendants argue that Supreme Court should not have clarified its prior order within the context of a civil contempt proceeding under CPLR 5104. We agree. Civil contempt requires a showing of, among other things, disobedience of "a lawful judicial order expressing an unequivocal mandate" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *see Matter of Daniels v Guntert*, 256 AD2d 940, 942 [1998]). When the order "contains ambiguous and vague language, a finding of civil contempt is not tenable" (*Matter of Upper Saranac Lake Assn. v New York State Dept. of Envtl. Conservation*, 263 AD2d 916, 917 [1999]). Here, the contempt proceeding should have ceased once it was apparent that the May 2003 order was not clear regarding the germane issues. We further note that it appears the other individual with a purchase agreement for the property should be brought into this action in order to fully resolve the relevant issues (*see Hitchcock v Boyack*, 256 AD2d 842, 844 [1998]; *Teeple Farms v LaValley*, 162 AD2d 976 [1990]; *Nationwide Invs. v United Off. Bldg.*, 14 AD2d 833 [1961]). The remaining arguments are academic.

Peters, J.P., Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and plaintiffs' motion for contempt denied.