■ GERELLI INSURANCE AGENCY, INC., Appellant, et al., Plaintiffs, v DONN GERELLI et al., Respondents. [806 NYS2d 71]—

In an action, inter alia, to recover damages for conversion, the plaintiff Gerelli Insurance Agency, Inc., appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), dated May 17, 2004, which denied its motion to find the defendants in contempt for violating a temporary restraining order of the same court (Barone, J.), contained in an order to show cause dated August 13, 2003, and an order of the same court (Barone, J.), entered September 16, 2003, as amended by an order of the same court (Barone, J.), entered September 29, 2003, respectively.

Ordered that the order is affirmed, with costs.

The Supreme Court properly declined to find that the defendants were in contempt of an order entered September 16, 2003, as amended by an order of the same court entered September 29, 2003, both of which were issued by Justice Barone, from whom the case had subsequently been transferred. "To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *see McCain v Dinkins*, 84 NY2d 216 [1994]; *Matter of McCormick v Axelrod*, 59 NY2d 574 [1983]; *Vujovic v Vujovic*, 16 AD3d 490 [2005]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394 [2003]). The party to be held in contempt must have had knowledge of the order (*see*

*McCain v Dinkins, supra; Matter of McCormick v Axelrod, supra; Graham v Graham,* 152 AD2d 653 [1989]).

The plaintiff alleges that the order entered September 16, 2003, as amended by the order entered September 29, 2003, contained a preliminary injunction which was violated by the defendants. However, the language which purportedly granted the injunction failed to indicate clearly that a preliminary injunction was being granted or to specify precisely what action or actions were being enjoined. Thus, the clear and unequivocal mandate required to sustain a finding of contempt was lacking (*see Vujovic v Vujovic, supra; Rupp-Elmasri v Elmasri, supra; Matter of County of Orange v Rodriguez,* 283 AD2d 494 [2001]; *Goldsmith v Goldsmith,* 261 AD2d 576 [1999]).

The Supreme Court also properly declined to hold the defendants in contempt of a temporary restraining order contained in an order to show cause dated August 13, 2003 (*see Robinson v Robinson,* 11 AD3d 853 [2004]; *People v Asiatic Petroleum Corp.,* 45 AD2d 835 [1974]).

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.