■ In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants, v RICHARD MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [809 NYS2d 244]—

Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 7, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Robert E. Riccobono to hold petitioners in contempt.

The relevant facts are fully set forth in our prior decisions in this matter (8 AD3d 834 [2004]; 300 AD2d 981 [2002]). Briefly, in July 1999, respondent Robert E. Riccobono (hereinafter respondent) was removed from his position as Community Superintendent of District 19 in the New York City School District pursuant to paragraph eight of his employment contract and, more specifically, Education Law §§ 2590-1 and 2590-h, the latter of which incorporates by reference Education Law § 2590-f. Respondent appealed that decision to respondent Commissioner of Education, who sustained that portion of the appeal contending that respondent was removed from his position in violation of Education Law § 2590-1 and ordered that: "[respondent] be restored to his status as a paid employee of the district, at the same rate of pay he was receiving at the time of his dismissal, with back pay and benefits from the time of his dismissal, less any compensation he may have otherwise earned; subject, however, to whatever further proceedings, if any, the current Chancellor may elect to pursue, consistent with [Education Law article 52-A], [respondent's] employment contract, and the terms of this decision and prior Commissioner's decisions." The Commissioner's determination in this regard was rendered in November 2000, approximately five months after the expiration of respondent's employment contract on or about June 30, 2000. Upon appeal, this Court withheld decision and remitted the

matter to the Commissioner for consideration of the remaining statutory provisions relied upon by petitioners in removing respondent from his position—namely, Education Law §§ 2590-h and 2590-f (300 AD2d 981 [2002], *supra*).

Upon remittal, the Commissioner concluded that because respondent had a protected property interest in his employment, Education Law § 2590-f required notice and a pretermination opportunity to respond to the underlying charges. As these minimal due process requirements were not afforded respondent, the Commissioner found that his removal under Education Law § 2590-h was improper. The Commissioner's determination, issued in May 2003 (now almost three years following the expiration of respondent's employment contract), recited verbatim the quoted language regarding respondent's right to reinstatement and back pay. Upon further review, this Court upheld the Commissioner's determination (8 AD3d 834 [2004], *supra*).

In October 2004, respondent served a demand upon petitioners seeking, among other things, that he be restored to his status as a paid employee of the New York City School District, together with back pay and benefits from the time of his dismissal, less any compensation he may otherwise have earned and subject to whatever further proceedings the current Chancellor might elect to pursue consistent with the Commissioner's prior orders. Petitioners responded by indicating that they would reinstate respondent effective August 1, 1999[1] and, given that his employment contract expired on June 30, 2000, he would be dismissed as of that date. Hence, petitioners concluded that respondent was entitled to back pay only for the period between those two dates, less his outside earnings.

Respondent thereafter moved by order to show cause for an order holding petitioners in contempt of court based upon their failure and refusal to comply with the Commissioner's May 2003 order, ultimately upheld by Supreme Court and this Court, directing respondent's reinstatement and back pay. Prior to oral argument on the contempt motion, respondent accepted petitioners' check for back pay, without prejudice to his claim that he be restored to his status of a paid employee of the school district. Following oral argument and various submissions, Supreme Court granted respondent's motion and ordered petitioners to reinstate respondent within 60 days of entry of Supreme Court's order. This appeal by petitioners ensued.

---

1. Although respondent was removed from his position effective July 15, 1999, he apparently was paid through the period ending July 31, 1999. Hence, petitioners' adoption of the August 1, 1999 reinstatement date.

We affirm. "To sustain a finding of either civil or criminal contempt based upon an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987] [citation omitted]; *see Gerelli Ins. Agency, Inc. v Gerelli*, 23 AD3d 341, 342 [2d Dept 2005]; *Quick v ABS Realty Corp.*, 13 AD3d 1021, 1022 [2004]). Plainly, the party to be held in contempt must have knowledge of the terms of the underlying order (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., supra* at 240; *Gerelli Ins. Agency, Inc. v Gerelli, supra*), and it must appear with reasonable certainty that the order in question has in fact been disobeyed (*see Matter of Aumell v King*, 18 AD3d 905 [2005]).

Petitioners contend that the Commissioner's May 2003 order directing reinstatement and back pay for respondent contains ambiguous language and, therefore, a finding of civil contempt is unwarranted (*see Quick v ABS Realty Corp., supra* at 1022). In our view, petitioners are attempting to create an ambiguity where none exists. As noted previously, both the Commissioner's November 2000 and May 2003 orders contained identical decretal paragraphs directing that: "[respondent] be restored to his status as a paid employee of the district, at the same rate of pay he was receiving at the time of his dismissal, with back pay and benefits from the time of his dismissal, less any compensation he may have otherwise earned; subject, however, to whatever further proceedings, if any, the current Chancellor may elect to pursue, consistent with [Education Law article 52-A], [respondent's] employment contract, and the terms of this decision and prior Commissioner's decisions." Petitioners interpret the quoted language as mandating only that respondent be reinstated and receive back pay in accordance with the terms of his prior employment contract, i.e., that respondent need be reinstated and paid only for the period of that contract (July 1, 1999 through June 30, 2000).

The problem with petitioners' strained interpretation of the Commissioner's orders is twofold. First, even a cursory review of the foregoing decretal paragraph clearly and unequivocally reveals that the reference to respondent's employment contract appears solely in the context of whatever additional proceedings the current Chancellor might elect to pursue against respondent *once he is reinstated* and in no way qualifies or modifies respondent's right to reinstatement and back pay. In other

words, once respondent is reinstated and receives his back pay less any outside earnings, the Chancellor may, for example, terminate respondent in any lawful manner, including pursuant to the provisions of respondent's new employment contract. The obligation to restore respondent to his status as a paid employee of the school district and tender back pay is not, however, conditioned upon the terms of respondent's now expired employment contract, and the Commissioner's mandate in this regard is not, as petitioners argue, subject to competing interpretations and, therefore, ambiguous (*compare Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 273 AD2d 668 [2000]).[2] The second flaw in petitioners' argument on this point is that both the Commissioner's November 2000 order and his May 2003 order were issued well after respondent's employment contract expired in June 2000—a fact of which the Commissioner was well aware. Had the Commissioner intended that respondent only be reinstated and/or receive back pay through June 2000, his orders would have so specified. To the extent that petitioners argue that, by referencing respondent's employment contract in the decretal paragraph of such orders, the Commissioner was in fact imposing such a limitation, we find this argument, for the reasons already articulated, to be lacking in merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

2.  To the extent that respondent acknowledges that reasonable minds could differ as to the components of his back pay, whether he is entitled to interest thereon or whether he is entitled to legal fees, he is correct in asserting that these open issues neither affect the enforcement of the Commissioner's orders nor render the terms thereof ambiguous or equivocal as applied to his right to reinstatement and back pay.