█ NORMAN LEVY, Respondent-Appellant, v WILLIAM MORGAN, Appellant-Respondent. [938 NYS2d 659]—

Mercure, A.P.J.

Defendant concedes that, in December 2002, he removed and destroyed plaintiff's dock because, he maintains, the dock exceeded the scope of the deeded easement. Shortly thereafter, defendant also began construction of a residence on his property that encroached on the northerly right-of-way. In response, plaintiff commenced this action, and sought temporary and permanent injunctions enjoining defendant from interfering with his use of the northerly right-of-way, as well as his mooring and docking rights. Following a hearing, Supreme Court (Moynihan, J.) issued an order in May 2003 authorizing plaintiff to reconstruct the dock at defendant's expense and enjoining defendant from impeding plaintiff's access, use and enjoyment of the southerly right-of-way for the purpose of reconstructing the dock.[1] The order further prohibited defendant from impeding in any way plaintiff's use, possession and enjoyment of his dock and docking and mooring rights.

Defendant does not dispute that he subsequently told plaintiff that "[h]e didn't care what the judge said. Under no circumstances would that dock go back in . . . [Plaintiff] would never use the southerly or northerly right-of-way to access [his] dock to drive there." Defendant subsequently placed fill, debris and construction equipment on the northerly and the southerly

---

1. Supreme Court indicated that nothing in its order affected plaintiff's rights to his deeded easement along the northerly right-of-way, but concluded that plaintiff failed to demonstrate a prescriptive easement over the southerly right-of-way for purposes of obtaining a permanent injunction.

rights-of-way.[2] Plaintiff moved to hold defendant in contempt in July 2003 and, following a hearing, the parties stipulated to a two-week adjournment during which defendant would reconstruct the dock at his expense. After defendant refused to construct the dock on the basis that he was being asked to install an "illegal and unpermitted dock," plaintiff contracted to have the concrete steps and dock replaced. When plaintiff provided defendant with notice of the construction schedule, defendant placed several dump trucks full of debris and dirt on the southerly right-of-way, requiring plaintiff's contractor to obtain the assistance of three additional men to hand carry the completed dock frames over the piled dirt and debris.

Upon completion of the dock, plaintiff submitted a bill for approximately $35,000 to defendant, who refused to pay. The parties then cross-moved for, among other things, summary judgment. Supreme Court (Krogmann, J.) ordered a hearing to determine the reasonable cost of the dock reconstruction and otherwise denied the motions, and this Court affirmed (*Levy v Morgan*, 31 AD3d at 858-859). In September 2008, Supreme Court granted plaintiff a temporary injunction enjoining defendant from preventing plaintiff's use of the southerly right-of-way, and the action proceeded to a bench trial on three issues.

Specifically, the issues certified for trial were (1) whether plaintiff's use of the dock—prior to its removal by defendant— satisfied the prescriptive period, (2) a continuation of the 2003 contempt hearing upon defendant's alleged violation of the May 2003 order, and (3) the reasonable cost of the dock reconstruction. Supreme Court concluded that the 10-year prescriptive period had been satisfied before defendant removed plaintiff's dock in 2002 and, thus, the issue of whether the cantilevered dock exceeded the permitted scope of the deeded easement, which granted plaintiff the right to construct a temporary floating or pole dock, is moot. The court held that plaintiff was entitled to a judgment in the amount of $35,584.50 plus interest at a rate of 5%. Although the court also found that defendant had "blocked, obstructed and otherwise impeded plaintiff's possession, use and enjoyment of his dock or docking and mooring rights," the court declined to find defendant in contempt of the May 2003 order.[3] The parties now cross-appeal.[4]

---

2. In addition, the slope and size of the northerly right-of-way renders it impassable.

3. In addition, Supreme Court concluded that defendant should not be found in contempt of its September 2008 order granting plaintiff a temporary injunction and enjoining defendant from preventing plaintiff's use of the southerly right-of-way.

4. Contrary to plaintiff's argument, defendant timely perfected his cross appeal in accordance with this Court's rules of practice (*see* 22 NYCRR 800.9 [e]) and express instructions.

Initially, we reject defendant's argument that Supreme Court erred in concluding that the prescriptive time period had been satisfied. To establish his adverse possession claim at the time this action was commenced, plaintiff was required to demonstrate that his possession of the dock was " '(1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required [10 year] period' " (*Hodges v Beattie*, 68 AD3d 1597, 1598 [2009], quoting *Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Ziegler v Serrano*, 74 AD3d 1610, 1611-1612 [2010], *lv denied* 15 NY3d 714 [2010]). Given the testimony at trial regarding plaintiff's construction of the dock in the summer of 1992 and defendant's admission that he removed the dock in December 2002, and according due deference to Supreme Court's credibility determinations, the court properly found that plaintiff established his use of the dock for the required 10-year period. Similarly, the record supports the court's determination that the reasonable cost of reconstruction was $35,584.50.

We agree with plaintiff, however, that Supreme Court erred in declining to hold defendant in contempt. A finding of civil contempt is warranted when "a lawful judicial order expressing an unequivocal mandate [was] in effect and disobeyed," thereby prejudicing the rights of a party, and "the party to be held in contempt . . . had knowledge of the order, although it is not necessary that the order actually have been served upon [that] party" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *see* Judiciary Law § 753 [A]; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). There is no dispute that the May 2003 order was served on defendant and remained in effect. As noted above, that order enjoined defendant "from blocking, obstructing, . . . or otherwise impeding plaintiff's use, possession and enjoyment of plaintiff's dock, docking and mooring rights"—the very conduct that Supreme Court found defendant to have committed. In short, defendant disobeyed the express dictates of the May 2003 order, thus impeding plaintiff's use and enjoyment of his dock, docking and mooring rights. Accordingly, plaintiff's motion to hold defendant in civil contempt must be granted and the matter remitted for a determination regarding the appropriate sanction to be applied (*see Hamilton v Murphy*, 79 AD3d 1210, 1213-1214 [2010], *lv dismissed* 16 NY3d 794 [2011]; *Beneke v Town of Santa Clara*, 61 AD3d 1079, 1081 [2009]). We strongly encourage Supreme Court to proceed without delay given the lengthy history of the parties' dispute.

Finally, in light of the circumstances of this case, plaintiff is correct that the proper interest rate to be applied to his award of the cost of reconstruction is the statutory rate of nine percent (*see* CPLR 5004). We have considered defendant's remaining argument and conclude that it is lacking in merit (*see Campanella v Campanella*, 152 AD2d 190, 192-194 [1989]).

Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as imposed a five percent interest rate upon plaintiff's award and denied plaintiff's motion for a finding of contempt; a nine percent interest rate is imposed, motion to hold defendant in contempt granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.