*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517552
_____

PENELOPE L. SULLIVAN HUSH
    et al.,
                    Respondents,

        v                              MEMORANDUM AND ORDER

JAMES E. TAYLOR et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____


        Hiscock & Barclay, LLP, Syracuse (Jon P. Devendorf of
counsel), for appellants.

        D'Arrigo & Cote, Liverpool (Mario D'Arrigo of counsel), for
respondents.

                    _____


Garry, J.

        Appeal from an order of the Supreme Court (Cerio Jr., J.),
entered September 25, 2012 in Madison County, which partially
granted plaintiffs' motion to, among other things, hold
defendants James E. Taylor and Carol A. Larrabee in civil
contempt.

        Plaintiffs are owners of parcels of real property near
Oneida Lake in Madison County.  In 2006, defendants James E.
Taylor and Carol A. Larrabee (hereinafter collectively referred
to as defendants) acquired a nearby 60-foot-wide waterfront lot
(hereinafter the passageway) over which plaintiffs hold certain

deeded rights-of-way and easements.  Thereafter, plaintiffs commenced this action alleging that defendants had impeded their use of the passageway and seeking, among other things, a declaration of their rights.  Following joinder of issue, plaintiffs moved for summary judgment.  In 2010, Supreme Court granted the motion and issued an order declaring that plaintiffs had express rights-of-way and easements over the passageway for access to the lake, as well as the right to construct, maintain and use a dock.  Defendants were further directed, among other things, to maintain the passageway and not to interfere with plaintiffs' use of it.  This Court affirmed the 2010 order (84 AD3d 1532 [2011]).

In July 2012, plaintiffs moved for an order holding defendants in civil contempt and directing them to comply with the 2010 order.  Plaintiffs alleged that defendants had interfered with their use of the passageway by, among other things, partially blocking it with a fence and leaving junk boats, debris and other personal property on it, and had prevented them from properly placing, constructing and using a dock.  After considering defendants' opposing submissions and viewing the property, Supreme Court partially granted plaintiffs' motion, found that defendants were in contempt of the 2010 order, and ordered them, among other things, to remove the fence and personal property from the passageway and to cease and desist from interfering with plaintiffs' use of the passageway and dock, including reasonable recreational uses consistent with accessing and using the lake.  Defendants appeal.

To establish civil contempt, plaintiffs were required to demonstrate by clear and convincing evidence that defendants knowingly disobeyed a clear and unequivocal court order and that such conduct prejudiced plaintiffs' rights (see Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d 1308, 1309 [2010]; Beneke v Town of Santa Clara, 61 AD3d 1079, 1080-1081 [2009].  Defendants contend that the requisite showing was not made, as they did not disobey a clear and unequivocal order.  In defendants' view, Supreme Court's 2010 order was limited to a declaration that plaintiffs have a right of ingress and egress over the passageway that does not include any property rights in the passageway itself; defendants thus contend that they were not prohibited

from partially fencing the passageway or placing other property on it, provided that plaintiffs' reasonable right of passage was not impaired (see Lewis v Young, 92 NY2d 443, 449 [1998]). However, the rule relied upon by defendants applies to rights-of-way that are not specifically defined or bounded by the language of the grant (see Ledley v D.J. & N.A. Mgt., 228 AD2d 482, 482 [1996]; 5-40 Warren's Weed, New York Real Property § 40.17 [2014]). Here, the 2010 order determined that the deeds granted plaintiffs a defined 60-foot-wide easement and right-of-way consisting of the passageway, and that plaintiffs further possessed rights to construct, maintain and use a dock (84 AD3d at 1533-1534). The 2010 order also expressly directed defendants to keep the passageway "free of all brush and tall grasses, junk boats, debris, and other personal property" that interfered or could interfere with plaintiffs' rights, and to maintain the passageway in an unobstructed fashion. Defendants raised no factual challenge to plaintiffs' claim that the fencing was partially obstructing the passageway, that they had permitted tall grass and brush to grow, and that they had allowed the accumulation of personal property and debris upon the passageway. Accordingly, Supreme Court correctly found that they violated a clear and unequivocal mandate in these respects (see Hamilton v Murphy, 79 AD3d 1210, 1212-1213 [2010], lv dismissed 16 NY3d 794 [2011]).

Although the 2010 order did not specify the precise location where plaintiffs were to construct their dock, it did direct defendants not to interfere with plaintiffs' right to construct and use a dock "within the northerly extensions" of the passageway. Plaintiffs submitted a survey map and other evidence demonstrating that defendants had placed their dock in the center of the passageway in such a manner that insufficient space was left in the northerly end for plaintiffs to position or use a dock without infringing on the rights of a neighboring landowner. Further, plaintiffs alleged that defendants had prohibited them from anchoring their dock on the passageway's foreshore, and had instead required them to anchor it at the water's edge, where it was insecure and subject to damage from high water and winds. Defendants did not deny these factual allegations; thus, contrary to their claim, no evidentiary hearing was required (compare Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d

1073, 1074 [2008]).  Supreme Court correctly determined as a matter of law that its mandate prohibiting defendants from interfering with plaintiffs' construction and use of a dock was clear and unequivocal and that defendants had disobeyed it (see Levy v Morgan, 92 AD3d 1118, 1121 [2012]; Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, 25 AD3d 952, 954 [2006]).

We reject defendants' claim that the contempt finding was improper in that they allegedly believed their actions were justified and, thus, were not willfully disobedient.  No finding of willfulness or deliberate disregard is required to sustain a civil contempt determination; "the mere act of disobedience, regardless of motive, is sufficient . . . if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (Matter of Bonnie H., 145 AD2d 830, 832 [1988], lv dismissed 74 NY2d 650 [1989]; see El-Dehdan v El-Dehdan, 114 AD3d 4, 16-17 [2013]).  As discussed above, plaintiffs established without contradiction that their rights to use the passageway and to build and use a dock were prejudiced, and defendants have made no claim that they were not aware of the 2010 order.  Accordingly, Supreme Court did not err in holding them in civil contempt (see Incorporated Vil. of Plandome Manor v Ioannou, 54 AD3d 365, 366 [2008]).

Finally, we disagree with defendants' contention that Supreme Court improperly permitted plaintiffs to use the contempt motion to expand their rights beyond the scope of the 2010 order.  Plaintiffs did not limit the relief sought in their motion to contempt, but also sought a further declaration of their rights.  The parties disputed the extent of plaintiffs' permissible use of the passageway, and Supreme Court thus properly examined the common grantor's intent by examining the language of the deeds (see Dowd v Ahr, 78 NY2d 469, 473 [1991]), relying upon language in the deed listing activities that plaintiffs were prohibited from conducting in the passageway, such as constructing buildings or other structures and leaving refuse and garbage behind.  Defendants neither challenged the authenticity of the deeds nor submitted evidence establishing a contrary intent.  Upon review, we find no error in the court's determination based thereon, allowing plaintiffs' use of the passageway and the area

surrounding their dock for reasonable recreation that was not expressly prohibited and was consistent with accessing and using the lake, such as sunbathing (see Marra v Simidian, 79 AD2d 1046, 1047 [1981]).  Notably, the court based no part of its contempt determination on plaintiffs' rights as newly declared in the more recent order.

Peters, P.J., Lahtinen, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court