■ ARCHDIOCESE OF THE ETHIOPIAN ORTHODOX CHURCH IN THE UNITED STATES AND CANADA, INC., et al., Respondents, v ABUNE YESEHAQ, Appellant, and VICTOR N. SMYTHE et al., Proposed Intervenors-Appellants. ARCHDIOCESE OF THE ETHIOPIAN ORTHODOX CHURCH IN THE UNITED STATES AND CANADA, INC., et al., Respondents-Appellants, v ABUNE YESEHAQ, Appellant-Respondent, and VICTOR N. SMYTHE et al., Proposed Intervenors-Appellants. [648 NYS2d 605] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 19, 1994, which denied proposed intervenors' application to intervene, unanimously reversed, without costs, on the law, the facts and

in the exercise of discretion, and the application granted. Order, same court and Justice, entered January 17, 1996, which granted plaintiffs' motion for a preliminary injunction, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of deleting the eighth decretal paragraph and replacing it with the words, "Defendant shall cease and desist from holding himself out at this time as a representative or Archbishop of the Ethiopian Orthodox Church for the United States and Canada", and otherwise affirmed, without costs.

In this action to recover possession of a building known as the Archdiocese Headquarters, and relinquishment of control of certain bank accounts and funds, the IAS Court properly found that plaintiffs had shown a probability of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860). The court did not violate the constitutional principles of separation of church and state as the court applied "neutral principles of law" to this church property dispute (*see, First Presbyt. Church v United Presbyt. Church*, 62 NY2d 110, *cert denied* 469 US 1037), accepting the decisions of the highest ecclesiastical tribunals of this hierarchical church upon the issues in dispute and refusing to become involved in internal religious disputes or to substitute its own inquiry into church policy and resolutions (*see, Serbian Orthodox Diocese v Milivojevich*, 426 US 696). Rather than matters of religion, this dispute involves the right of a church to relieve one of its officials of his duties and regain control of its property.

However, the court erred in declining to enjoin defendant from representing himself as a representative or Archbishop of the Church, in view of his dismissal by the Church Holy Synod, and we modify accordingly, for the purpose of affording full relief to plaintiffs.

We modify to grant the application for intervention, which was improperly denied. We are not satisfied that the rights of the proposed intervenors were satisfactorily protected by defendant (*see, Breiterman v Elmar Props.*, 123 AD2d 735, *lv dismissed* 69 NY2d 823). We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.