◼ JOSE AGOSTINO et al., Respondents-Appellants, v EDWARD SOUFER, Appellant-Respondent. [726 NYS2d 635] —Order, Supreme Court, New York County (Louis York, J.), entered January 25, 2001, which, *inter alia,* granted that branch of plaintiff Angelo Slabakis' motion seeking intervention and denied that

branch of Slabakis' motion seeking leave to serve a supplemental summons adding two additional defendants, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant Slabakis leave to serve a supplemental summons adding Soufer Family, L. L. C., and Banco Popular de Puerto Rico (Banco) as additional defendants, and otherwise affirmed, without costs.

Defendant Edward Soufer was the successful bidder at a foreclosure sale for property located at 59 East 79th Street. Prior to the sale, Soufer and plaintiff Slabakis entered into an agreement providing that, if Soufer was the successful bidder, Slabakis would have a one-time option to purchase Soufer's position as successful bidder prior to closing. Slabakis later assigned his rights under the option agreement to plaintiff Jose Agostino. After the time to perform under the option agreement had passed, title to the premises was transferred to Soufer Family, L. L. C. Agostino then commenced an action against Soufer seeking specific performance of the option agreement on the grounds that he attempted to perform under agreement but that Soufer was not willing to comply therewith. Agostino also filed a notice of pendency against the premises.

Soufer subsequently moved to cancel the notice of pendency, which relief was granted on default after Agostino failed to appear at a scheduled preliminary conference. There was no further activity in the lawsuit for approximately three years, at which time Agostino assigned his rights under the option agreement and the lawsuit to Slabakis, who then moved to intervene.

Under the circumstances, the IAS court properly granted Slabakis' motion to intervene in the lawsuit since Slabakis possessed a real and substantial interest in the outcome of Agostino's action against Soufer (see, CPLR 1012, 1013; see also, Matter of Norstar Apts. v Town of Clay, 112 AD2d 750). Although Soufer maintains that Agostino's action was dismissed and that there is thus no pending action in which Slabakis can intervene, it is clear that the court never directed that the action be dismissed by reason of plaintiff's default in appearing, but rather merely granted Soufer's motion to cancel the notice of pendency.

The IAS court should also have granted Slabakis leave to serve a supplemental summons adding Soufer Family, L. L. C., and Banco as additional defendants (see, CPLR 1003). Since Soufer Family, L. L. C. holds title to the premises and Banco holds a mortgage lien on the premises, joinder of those parties is necessary to afford Slabakis complete relief in the event that he prevails upon his claim for specific performance of the op-

tion agreement. Concur—Tom, J. P., Andrias, Ellerin, Wallach and Friedman, JJ.