■ Town of Crown Point, Respondent, v Edmund Cummings, Defendant and Third-Party Plaintiff-Appellant. Dale French, Individually and as Supervisor of the Town of Crown Point, et al., Third-Party Defendants, and Alfred Bemis, Jr., et al., Third-Party Defendants-Respondents. [752 NYS2d 425] —Crew III, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered August 30, 2001 in Essex County, which, inter alia, denied defendant's motion to intervene in a related proceeding.

The matter presently before us is the latest in a series of actions and proceedings arising out of an ongoing dispute regarding the nature and use of a road known as "Narrowtown Road" located in the Town of Crown Point, Essex County. Briefly, and insofar as is relevant to this appeal, plaintiff's Town Board passed a resolution in December 1997 declaring Narrowtown Road to be a town road. That resolution apparently was never challenged. Plaintiff thereafter allegedly refused to maintain Narrowtown Road, prompting third-party defendant Alfred Bemis, who owned property accessed by such road, to commence a CPLR article 78 proceeding to compel plaintiff to, inter alia, lay out and maintain the road in question. That proceeding was resolved by a stipulation of settlement executed in June 1999, pursuant to the terms of which plaintiff agreed to, inter alia, map, lay out and stake a portion of Narrowtown Road and grant Bemis, together with his representatives, heirs and assigns, the right to make repairs and improvements on the staked portion thereof. Although defendant, who had purchased property adjacent to Bemis's land and whose parcel was bisected by Narrowtown Road, was not a party to that proceeding, the record reflects that he was well aware of it.

Plaintiff thereafter undertook efforts to comply with the terms of the stipulation and promptly encountered resistence from defendant. Accordingly, plaintiff commenced this action to enjoin defendant from interfering with plaintiff's access to and use or maintenance of Narrowtown Road. Defendant, among other things, answered and thereafter moved by order to show cause to intervene in the now concluded CPLR article 78 proceeding and vacate the underlying stipulation of settlement, in addition to seeking injunctive relief. Supreme Court denied the requested relief, prompting this appeal.

We affirm. Simply stated, defendant cannot seek to intervene in a proceeding that has come to its final conclusion; there must be a *pending* proceeding in which to intervene (*see generally Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720; *Matter of Elinor Homes Co. v St. Lawrence*, 113 AD2d 25, 28; Siegel, NY Prac § 178, at 295 [3d ed]; *cf. Agostino v Soufer*, 284 AD2d 147, 148). The executed stipulation of settlement resolving the underlying CPLR article 78 proceeding was entered and "so ordered" by Supreme Court in June 1999. Although defendant could have attempted to intervene at that point in time for purposes of pursuing an appeal (*see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, supra* at 720), he failed to do so and the time for such appeal has long since passed. There being no other viable avenue via which defendant could intervene in that now concluded proceeding, Supreme Court properly denied this portion of defendant's application.* We reach a similar conclusion regarding defendant's request for injunctive relief.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Having concluded that Supreme Court properly denied defendant's motion to intervene, it necessarily follows that we need not address defendant's arguments regarding the validity of the stipulation of settlement.