■ STEPHAN LOEWENTHEIL et al., Appellants, v EDITH O'HARA et al., Respondents. [819 NYS2d 496]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about November 21, 2005, which granted the motion of nonparty O'Hara to intervene on behalf of the corporate defendant, directed that the caption be amended to add her name as a party defendant, granted her leave to serve a verified answer and counterclaim, and vacated and set aside the default judgment, same court and Justice, entered June 10, 2005, in plaintiffs' favor, unanimously affirmed, with costs.

O'Hara, a founder of and 37.5% shareholder in the corporate defendant, was properly granted intervenor status in view of her substantial interest in the outcome of plaintiffs' action to recover on disputed promissory notes allegedly issued by the corporate defendant and purportedly transferred to them from the original controlling shareholder (see e.g. Agostino v Soufer, 284 AD2d 147 [2001]). Plaintiffs, who intended to collect on the notes by selling the corporation's primary asset, a property at 13th Street in Manhattan where O'Hara has both resided and operated her theatre company since the 1970s, did not set forth the consideration they allegedly paid for their controlling interest in the corporate defendant. The corporation, by initial agreement, was to be closely held to further the purpose of the theatre company. Intervenor status for O'Hara was further warranted given that plaintiffs, as directors, admittedly allowed the corporation to default in the action, which had been commenced to collect on the notes (see e.g. Archdiocese of Ethiopian Orthodox Church in U.S. & Can. v Yesehaq, 232 AD2d 332 [1996]). Under the circumstances, the corporate defendant's default was excusable and the potential merits of the defense apparent, thus justifying vacatur of the default. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.