■ FREDERICK E. BIGGS, Appellant, v JAMES A. O'NEILL, Respondent. [838 NYS2d 703]—

Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 14, 2006 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced an action against defendant in 1999 (hereinafter referred to as the first action) asserting numerous causes of action arising from defendant's alleged failure to properly construct a home for plaintiff. That action was tried before a jury, which found defendant liable for $7,151.60 in damages. Both parties appealed, and we modified and remitted the case for a new trial on certain issues (*Biggs v O'Neill*, 309 AD2d 1110 [2003]). In July 2005, plaintiff, proceeding pro se, commenced another action against defendant with allegations including fraud and trust fund diversion based upon purported conduct arising from the same home construction project. Thereafter, in March 2006, the first action (in which plaintiff was represented by counsel) settled for $55,000 prior to retrial.

A stipulation discontinuing that action with prejudice was executed. When plaintiff continued to pursue his pro se action, defendant moved for summary judgment upon several grounds, including res judicata (claim preclusion) and collateral estoppel (issue preclusion). Supreme Court granted the motion finding the pro se action barred under both collateral estoppel and res judicata. Plaintiff appeals.

We affirm. In our prior decision, we held that the fraud and trust fund diversion causes of action had been properly dismissed during the trial of the first action for lack of proof (*id.* at 1110). Defendant established that plaintiff is pursuing the same causes of action in his pro se action as were previously tried and collateral estoppel applies since plaintiff failed to show that he did not have a full and fair opportunity to litigate those issues in the trial of the first action (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]). The fact that, after the trial, plaintiff purportedly discovered additional evidence that he contends would have assisted in proving these causes of action does not provide a basis for permitting relitigation.

Moreover, to the extent that plaintiff contends that the theories he seeks to pursue in the pro se action are different from those in the first action, we note that the transactional analysis aspect of res judicata prevents further litigation regarding theories arising from the allegedly flawed construction project (*see generally Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292, 293-294 [2005]). Res judicata applies to a stipulation of discontinuance with prejudice, as was executed here (*see e.g. Matter of State of New York v Seaport Manor A.C.F.*, 19 AD3d 609, 610 [2005]). The stipulation did not provide any explicit exception permitting the current pro se action to continue (*cf. Gargiulo v Oppenheim*, 63 NY2d 843, 844-845 [1984]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.