OPINION OF THE COURT
Edward H. Lehner, J.
Before me are motions by (i) defendants David A. Paterson in his official capacity as Governor of the State of New York, Sheldon Silver in his official capacity as Speaker of the State Assembly, the New York State Assembly, and the State of New York to dismiss the complaint pursuant to CPLR 3211, and (ii) defendants the New York State Senate and Joseph L. Bruno in his official capacity as Temporary President of the State Senate to dismiss the complaint pursuant to CPLR 3211 and 3212. In addition, plaintiffs have requested, in lieu of a cross motion on their behalf, that the court “search the record” and grant them summary judgment pursuant to CPLR 3211 (c).
This action was commenced in April 2008 by both Judith S. Kaye in her then official capacity as Chief Judge of the State of New York and the State Unified Court System. The complaint sets forth three causes of action seeking declarations that: first, defendants “violated the independence of the judiciary and the separation of powers guaranteed by Article VI of the New York State Constitution (the ‘Constitution’) by failing to provide adequate judicial compensation”; second, defendants violated *270 article VI, § 25 (a) of the Constitution “by treating judges in a discriminatory fashion, permitting judicial compensation to diminish by virtue of inflation while raising the salaries of virtually all other employees of the State”; and third, defendants “violated the independence of the Judiciary and the separation of powers guaranteed by Article VI of the Constitution by linking judicial salaries to unrelated issues and thereby refusing to enact into law reforms of judicial compensation which defendants have conceded to be necessary.” In connection with the foregoing, the complaint alleges that the “judicial salaries codified in article 7-B, section 221 through 221-i of the Judiciary Law are unconstitutional” (lili 67, 74, 82). In addition to the foregoing declaratory relief, plaintiffs seek an order, pursuant to CPLR 5011 and 3017 (b), fixing retroactively to “a date no later than April 2005” the salaries of justices of the Supreme Court as equal to those of judges of the United States District Court, and the salaries of other state-paid judges at specific relationships to salaries of Supreme Court justices as set forth in legislative proposals previously submitted by the Chief Judge.
Prior to the July 17, 2008 oral argument of the aforesaid motions in this action, I had rendered two decisions in the case of Larabee v Spitzer, which had been commenced by four state-paid judges and asserted some of the same contentions as are raised herein. In my initial decision in that case (19 Misc 3d 226 [2008]), I granted the motions of the defendants to dismiss the action as against the Governor as well as the cause of action asserting a violation of the no-diminishment-in-compensation clause (art VI, § 25 [a]) of the Constitution due to the effect of inflation. However, I denied the branch of the motions to dismiss the cause of action asserting a violation of the separation of powers doctrine by reason of the linkage of the judicial compensation issue to other unrelated matters. Subsequently, by order dated June 11, 2008, I granted plaintiffs therein summary judgment
“declaring that . . . defendants, through the practice of linkage, have unconstitutionally abused their power by depriving the judiciary of any increase in compensation for almost a decade, and I direct[ed] that defendants, within 90 days . . . remedy such abuse by proceeding in good faith to adjust the compensation payable to members of the judi- . ciary to reflect the increase in the cost of living since such pay was last adjusted in 1998, with an appropriate provision for retroactivity.” (Larabee v *271 Governor of State of N.Y., 20 Misc 3d 866, 878 [2008].)
I further ruled that should defendants “fail to remedy such unconstitutionality within the 90-day period, an application may be made to the court for consideration of other remedies.” (20 Mise 3d at 878.)
A notice of appeal from the said grant of summary judgment was filed on or about July 15, 2008, which stayed the remedy directed in the order. Appeals from the aforesaid orders were argued before the First Department in November 2008. Shortly before that argument, in Matter of Maron v Silver (58 AD3d 102 [2008]), the Third Department had dismissed an action commenced by other state-paid judges that raised, inter alia, the arguments and contentions put forth in Larabee. An application for leave to appeal that dismissal has been pending in the Court of Appeals since January.
The parties hereto subsequently requested that I not render a decision on the pending motions until the First Department released its opinion on the Larabee appeals. Also, by stipulation dated May 28, 2009, the parties agreed, in light of the fact that Judith Kaye was no longer Chief Judge and Joseph Bruno was no longer a member of the Senate, that the title of the action be amended to delete the names of all officeholders so as to read as set forth above.
On June 2, the First Department rendered its decision in Larabee, affirming all aspects of the two decisions I had rendered (65 AD3d 74 [2009]). On June 9, a conference was held at which all parties in both Larabee and this action were represented by counsel. I first noted my concern that by virtue of the said stipulation, none of the individual office-holders were now named in this action, noting particularly that, on the day prior to the conference, activity in the State Senate made it unclear as to who was then in fact Temporary President of that body. In any event, since all parties had consented to the stipulation, and counsel for plaintiffs stated that the present Chief Judge, Jonathan Lippman, fully supported the litigation, the change of title was approved. Also, all parties then expressed the desire that all of the pending related actions be presented to the Court of Appeals as expeditiously as possible, and it was recognized that issues in this case which were raised and decided in Larabee must be decided in the same manner.
Thus, (i) the defendants’ motions are granted to the extent that this action is dismissed as against the Governor as *272 is plaintiffs’ claim of a violation of article VI, § 25 (a) of the Constitution to the extent it is based on the effects of inflation, and (ii) plaintiffs’ request that I search the record and grant summary judgment to them on the third cause of action, declaring the unconstitutionality of the linkage practice and render the same declaration on this issue as in Larabee, is granted. Since 34 days had elapsed from the date of decision in that case until a stay became effective, the period during which the defendants must act, as directed in Larabee and as reiterated herein in this suit, is 56 days from the date hereof.
The remaining issue to be resolved herein is the assertion by plaintiffs that Judiciary Law §§ 221 through 221-i, setting forth the salaries of state-paid judges, is now unconstitutional. Plaintiffs maintain that the failure to adjust the compensation provided therein since 1998 results in a lack of adequate compensation and that the judiciary has been unconstitutionally discriminated against in comparison to the vast majority of other state employees who have received increases to compensate for the rate of inflation.
Initially, it is noted that there was a dispute between counsel for plaintiffs herein and counsel for the plaintiffs in Larabee as to whether the raising of these additional issues would delay a hearing before the Court of Appeals of the three pending related cases (see tr at 24-25, 31-37). However, it would not appear that any action in this case should affect the right of the parties in Larabee to proceed expeditiously to have their case heard in that court.
Regarding the merits of the additional claims, plaintiffs have not argued that the challenged Judiciary Law sections were unconstitutional when enacted, nor could their counsel state a date when the sections allegedly became unconstitutional (tr at 31).
 The true underlying essence of the argument regarding the adequacy of compensation is that inflation has so eroded the value of the statutory amounts last adjusted in 1998 so that the compensation provided therein is now unconstitutionally inadequate. However, I find that the rulings relating to the effects of inflation in Larabee and by the Third Department in Marón apply equally to bar this claim. With respect to the second cause of action asserting discrimination against the judiciary, it is noted that the failure of the Legislature to adjust judicial salaries is equally true with respect to salaries of the statewide elected officials, the members of the Legislature, and commissioners ap *273 pointed by the Governor whose salaries are fixed by statute. Thus, I find that this claim lacks merit.
In light of the foregoing, it is declared that the first two causes of action fail to state a viable claim of a constitutional violation and are therefore dismissed. With respect to the third cause of action, summary judgment is granted to plaintiffs declaring that through the practice of linkage the defendants have unconstitutionally abused their power by depriving the judiciary of any increase in compensation since 1998 and I direct that, within 56 days of the date hereof, defendants remedy such abuse by proceeding in good faith to adjust such compensation to reflect the increase in the cost of living since 1998, with an appropriate provision for retroactivity. Should defendants fail to remedy such unconstitutionality within said period, an application may be made to the court for consideration of other remedies.