## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 30, 2014          517633
                                                517634

_____

In the Matter of ALFRED
    BEMIS JR. et al.,
                    Appellants,

        v

TOWN OF CROWN POINT et al.,
                    Respondents.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of ALFRED
    BEMIS JR. et al.,
                    Appellants,

        v

EDMUND CUMMINGS,
                    Respondent.

(Proceeding No. 2.)

(And Two Related Actions.)
_____


Calendar Date:   September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                    _____


        Cory E. Friedman, Crown Point and Lemery Greisler, LLC,
Albany (James E. Braman of counsel), for appellants.

        Stafford, Piller, Murnane, Plimpton, Kelleher & Trombley,
PLLC, Plattsburgh (Justin R. Meyer of counsel), for Town of Crown
Point and others, respondents.

Breedlove & Noll, LLP, Clifton Park (Brian H. Breedlove of counsel) and Viscardi, Howe & Rudgers, LLP, Ticonderoga (Dominic J. Viscardi of counsel), for Edmund Cummings, respondent.

_____

Clark, J.

Appeals from an order of the Supreme Court (Meyer, J.), entered December 26, 2012 in Essex County, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Judiciary Law § 756, to hold respondent in contempt.

These appeals involve cases that have been ongoing since 1996 and concern a longstanding dispute between petitioners[1] and respondent Edmund Cummings over the use and status of a road known as "Narrowtown Road" located in the Town of Crown Point, Essex County. The road, which traverses Cummings' property, is an efficient means of ingress and egress for petitioners to access their undeveloped real property parcel. Despite the lengthy history of litigation in this matter, there has yet to be a judicial determination regarding ownership of the road or the respective rights of petitioners and Cummings.

By way of background, in August 1996, petitioners commenced action No. 1 by filing a complaint and an amended complaint

---

[1] Petitioner Alfred Bemis Jr. passed away on January 7, 2014. By operation of law, however, his wife, petitioner Glendine L. Bemis, became the sole owner of the share she previously owned with him (see Matter of Violi, 65 NY2d 392, 395 [1985]). "Accordingly, the [proceedings] can proceed without a substitution with the death simply being noted on the record" (Thibodeau v Martin, 119 AD3d 1015, 1015 n 1 [2014] [internal quotation marks and citations omitted]). References in this decision to petitioners will include Alfred Bemis Jr.

against Cummings and Sylvia Caldwell[2] seeking a judgment establishing that they had a prescriptive easement over the road or, in the alternative, that they had a right to use the road, pursuant to Highway Law § 205, because it had been abandoned by respondent Town of Crown Point.

In December 1997, petitioners sought and obtained a resolution from the Town's board declaring that Narrowtown Road was, in fact, a town road. In March 1999, after Supreme Court had denied their application for a preliminary injunction in action No. 1, petitioners commenced proceeding No. 1, pursuant to CPLR article 78, against the Town and some of its employees (hereinafter collectively referred to as respondents), seeking to compel respondents to maintain the subject road. Soon thereafter petitioners and respondents executed a stipulation of settlement (hereinafter referred to as the 1999 stipulation) wherein respondents agreed to, among other things, map Narrowtown Road as a town highway and repair a portion of it. The 1999 stipulation was subsequently so-ordered by Supreme Court.

Thereafter, the Town commenced action No. 2 against Cummings seeking to enjoin him from preventing petitioners' access, use and maintenance of the road. Cummings, among other things, answered, filed third-party complaints against petitioners and moved, by order to show cause, to intervene in the then-concluded proceeding No. 1, vacate the underlying 1999 stipulation and obtain injunctive relief. Supreme Court denied Cummings' requested relief in all respects. An appeal by Cummings ensued and this Court affirmed (Town of Crown Point v Cummings, 300 AD2d 873, 874 [2002]).

In March 2010, petitioners commenced proceeding No. 2, pursuant to Judiciary Law § 756, seeking to hold Cummings in contempt for his failure to obey the settlement agreement issued by Supreme Court in 1999 and for his interference therewith (see

_____

    [2]  In 1999, Caldwell conveyed her interest in the property to Cummings rendering him the sole owner. Caldwell is not a party to the instant appeals.

Judiciary Law § 756).  In Cummings' answer, he moved to dismiss the petition and cross-moved for, among other things, a declaratory judgment establishing that the eight-foot-wide road traversing his property is not, and was never, a town road.

As is relevant to the instant appeals, in reviewing the actions and proceedings, Supreme Court considered five motions that were pending in proceeding Nos. 1 and 2 and action No. 2.[3] Specifically, Supreme Court reviewed (1) petitioners' motion in proceeding No. 1 to hold respondents in contempt for purportedly violating the 1999 stipulation, (2) a cross motion by respondents to consolidate proceeding No. 1 and action No. 2, (3) petitioners' motion for summary judgment dismissing Cummings' affirmative defenses and counterclaims in action No. 2, (4) respondents' cross motion in action No. 2 for summary judgment dismissing Cummings' counterclaims, and (5) the application by petitioners in proceeding No. 2 to hold Cummings in contempt for his alleged willful and intentional interference with respondents' attempt to comply with the 1999 stipulation.  First, Supreme Court denied petitioners' summary judgment motion in action No. 2 as moot. Second, in granting respondents' cross motion to consolidate, the court did not merely consolidate proceeding No. 1 and action No. 2, but, rather, consolidated all four unresolved matters for purposes of trial.  Last, Supreme Court denied petitioners' contempt motion against both respondents in proceeding No. 1, the application for an order of contempt against Cummings in proceeding No. 2 and respondents' cross motion for summary judgment in action No. 2.  Only petitioners appeal.

Initially, petitioners' notices of appeal only reference the index numbers for proceeding Nos. 1 and 2 and, as such, this Court's review is limited to only the issues raised therein. Specifically, only the issues raised in connection with petitioners' applications to hold respondents and Cummings in

_____

[3]  In its decision, Supreme Court identified the matters pending before it simply as actions 1 through 4.  Inasmuch as "action 2" and "action 4" are actually proceedings, this Court has identified the matters differently for accuracy.

contempt, as well as respondents' cross motion to consolidate, are properly before this Court.[4]  Further, to the extent that petitioners have now abandoned any challenges that they may have had to the order granting the cross motion to consolidate by failing to raise any arguments regarding the order in their brief, that issue also escapes our review (see Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d 1184, 1185 n 2 [2013]; Matter of Smith v O'Donnell, 107 AD3d 1311, 1312 n [2013]).  Thus, despite the complex procedural history of these proceedings and actions as a whole, the issues before this Court are limited.

Petitioners contend that the doctrine of res judicata bars respondents and Cummings from asserting their defenses to petitioners' contempt motion and petition because the 1999 stipulation resolved these issues.  In general, the doctrine of res judicata precludes a party from litigating "a claim where a judgment on the merits exists from a prior action [or proceeding] between the same parties involving the same subject matter" (Matter of Hunter, 4 NY3d 260, 269 [2005]).  Under New York's transactional approach to this rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).  Even though a stipulation of settlement represents a decision between the parties to forgo judicial resolution of the issues (see Dunleavy v First Am. Tit. Ins. Co. of N.Y., 117 AD2d 952, 953

---

[4]  In 2008, Cummings filed for bankruptcy.  At an auction for the sale of certain assets of the bankruptcy estate in January 2011 (see 11 USC §§ 363 [b], [f]), petitioners purchased, among other things, the affirmative claims that Cummings filed in action No.1, proceeding No. 1 and proceeding No. 2.  While petitioners ask this Court to review that part of the trial court's order that interpreted the impact that said purchase has on Cummings' arguments regarding his property rights, this issue does not directly impact the motions and application being appealed from and, therefore, it will not be addressed herein.

[1986]), where such a settlement discontinues the action or proceeding with prejudice, as it did here, it may have a preclusive effect in future litigation (see Biggs v O'Neill, 41 AD3d 1067, 1068 [2007]). Significantly however, a future action or proceeding will not be subject to res judicata if the identity of the parties engaging in the litigation is not identical (see City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127 [2007]; Matter of LaRocco v Goord, 43 AD3d 500, 500 [2007]).

Here, because petitioners failed to raise the issue of res judicata before Supreme Court in connection with their motion for an order of contempt against respondents in proceeding No. 1, this argument is only preserved for review as it concerns Cummings (see Matter of Fleming v Goord, 28 AD3d 972, 973 [2006]; Matter of Monaco Coach Corp. [Brandt], 281 AD2d 787, 789 [2001]). As to Cummings, inasmuch as he was not a party to the 1999 stipulation and did not have an opportunity to litigate the issues of the road's ownership and status, we reject petitioners' contention that the court erred in refusing to hold him in contempt based upon the doctrine of res judicata (see Comi v Breslin & Breslin, 257 AD2d 754, 757 [1999]). Moreover, the 1999 stipulation did not, and could not, finally resolve the issues of ownership and status of the road, issues that were already pending before Supreme Court in action No. 1.[5] Thus, res judicata is inapplicable. Further, to the extent that Supreme Court dismissed petitioners' application for contempt against Cummings in terms of the theory of collateral estoppel rather than res judicata, we likewise determine that the 1999 stipulation does not collaterally estop the arguments now raised (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985];

_____

[5] It is important to note that Cummings' inability to intervene in proceeding No. 1 does not have any bearing on his ability to litigate the issues raised herein (see generally Matter of Reilly v Reid, 45 NY2d 24, 28-29 [1978]). To be clear, this Court affirmed Supreme Court's denial of the forms of relief that Cummings sought as an intervenor solely on the ground that his motion was untimely and not on the merits of his substantive claims (Town of Crown Point v Cummings, 300 AD2d at 874).

Matter of Howard v Stature Elec., Inc., 72 AD3d 1167, 1169 [2010], affd 20 NY3d 522 [2013]; 1829 Caton Realty v Caton BMT Assoc., 225 AD2d 599 [1996]).

Additionally, it is well settled that a party may be held in civil contempt when he or she has failed to obey a current "'lawful judicial order expressing an unequivocal mandate'" (Matter of Upper Saranac Lake Assn. v New York State Dept. of Envtl. Conservation, 263 AD2d 916, 917 [1999], quoting McCain v Dinkins, 84 NY2d 216, 226 [1994]; see Judiciary Law § 753 [A] [3]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983], amended 60 NY2d 652 [1983]; Levy v Morgan, 92 AD3d 1118, 1121 [2012]). The burden of proving contempt by clear and convincing evidence rests with the proponent of the application (see Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]).

Here, Cummings cannot be held in contempt of the 1999 stipulation because he was not a party to it and was not otherwise bound by it (see generally Power Auth. of State of N.Y. v Moeller, 57 AD2d 380 [1977], lv denied 42 NY2d 806 [1977]; State Univ. of N.Y. v Denton, 35 AD2d 176 [1970]). Thus, petitioners were unable to meet their prima facie burden and Supreme Court properly dismissed the application with respect to Cummings. Likewise, we find no basis upon which to reverse the court's denial of petitioners' motion to hold respondents in contempt given that the main issues of this dispute have remained unresolved — i.e., the ownership and status of Narrowtown Road — and respondents may or may not have a legal right to enter and maintain the road (see Greenberg v Polansky, 140 App Div 326, 328 [1910]). In this regard, respondents cannot be held in contempt for violating the 1999 stipulation until their legal authority with respect to the road has been established (see generally Pereira v Pereira, 35 NY2d 301, 308-309 [1974]; Matter of Augat v Hart, 244 AD2d 800, 802 [1997]). Petitioners' remaining contentions, to the extent they are preserved, have been considered and found to be without merit.

McCarthy, J.P., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court