Center for Jud. Accountability, Inc. v Cuomo (2018 NY Slip Op 08996)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Center for Jud. Accountability, Inc. v Cuomo

2018 NY Slip Op 08996

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

527081

[*1]CENTER FOR JUDICIAL ACCOUNTABILITY, INC., Plaintiff, and ELENA RUTH SASSOWER, Individually and as Director of the Center for Judicial Accountability, Inc., Appellant,
vANDREW M. CUOMO, as Governor of the State of New York, et al., Respondents.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Clark, Mulvey and Rumsey, JJ.


Elena Ruth Sassower, White Plains, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered December 8, 2017 in Albany County, which, among other
things, granted defendants' cross motion for summary judgment.
In September 2016, plaintiff Center for Judicial Accountability, Inc. (hereinafter CJA) and plaintiff Elena Ruth Sassower, CJA's director, commenced this action seeking, among other things, a declaratory judgment that the bill establishing the budgets for the Legislature and the Judiciary for the 2016-2017 fiscal year (2016 NY Senate-Assembly Bill S6401, A9001) was unconstitutional and also seeking an injunction permanently enjoining respondents from making certain disbursements under the bill, including judicial salary increases. Plaintiffs also simultaneously moved for a temporary restraining order and a preliminary injunction enjoining defendants from distributing money pursuant to the budget bill. Defendants cross-moved to dismiss the complaint to the extent that it sought to assert claims on behalf of the CJA, because it was not represented by counsel, and to dismiss all 10 causes of action for failure to state a cause of action. Supreme Court declined to grant a temporary restraining order and, in December 2016, denied plaintiffs' motion for a preliminary injunction and partially granted defendants' cross [*2]motion by dismissing all claims asserted by the CJA and 9 of the 10 causes of action asserted by Sassower. The court denied defendants' motion to dismiss the sixth cause of action, which challenged the law that created the Commission on Legislative, Judicial and Executive Compensation (hereinafter the Commission) (see L 2015, ch 60, part E) on various constitutional and procedural grounds. Sassower's motion to disqualify Justice Hartman and to vacate, renew and reargue the December 2016 order was denied in May 2017. After issue was joined, Sassower moved for summary judgment on the sixth cause of action and for leave to file a supplemental complaint. The motion was denied. In June 2017, Sassower moved to reargue the court's decision denying her motion for reargument and disqualification. In response, defendants opposed the motions and cross-moved for summary judgment dismissing the sixth cause of action. In November 2017, the court granted defendants' cross motion for summary judgment and dismissed the sixth cause of action. Sassower appeals.
We first consider several threshold issues. Sassower contends that Supreme Court erred by denying her motion for recusal. Sassower correctly notes that Justice Hartman has a pecuniary interest in this action because she is paid in accordance with the salary schedule that is being challenged. Ordinarily, recusal is warranted when a judge has an interest in the litigation (see Matter of Maron v Silver, 14 NY3d 230, 249 [2010]). "However, the Rule of Necessity provides a narrow exception to this principle, requiring a biased adjudicator to decide a case if and only if the dispute cannot be otherwise heard" (Pines v State of New York, 115 AD3d 80, 90 [2014] [internal quotation marks, brackets and citations omitted], appeal dismissed 23 NY3d 982 [2014]; see Matter of Maron v Silver, 14 NY3d at 249). The self-interest inherent in adjudicating a dispute involving judicial compensation would provide grounds for disqualifying not only Justice Hartman, but every judge who might replace her. Accordingly, the Rule of Necessity permitted Justice Hartman to decide this action on the merits (see Pines v State of New York, 115 AD3d at 90-91).
Nor was Justice Hartman required to recuse herself for any other reason. " Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a trial judge is the sole arbiter of recusal[,] and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (Kampfer v Rase, 56 AD3d 926, 926 [2008] [internal quotation marks and citations omitted], lv denied 11 NY3d 716 [2009]). We perceive no abuse of discretion here. Justice Hartman's prior employment by the Attorney General's office does not mandate recusal (see e.g. People v Lee, 129 AD3d 1295, 1296 [2015], lv denied 27 NY3d 1001 [2016]; People v Curkendall, 12 AD3d 710, 714 [2004], lv denied 4 NY3d 743 [2004]).
Moreover, Supreme Court's decisions do not evince any instance of fraudulent conduct, concealment or misrepresentation. In this regard, Sassower argues that the court acted fraudulently by failing to specifically address each of her legal arguments and disagreeing with her legal conclusions. A court need not address, in its decision, every argument raised by a party, and a ruling that is not to a litigant's liking does not demonstrate either bias or misconduct (see Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [2012], lv dismissed 19 NY3d 874 [2012]). Similarly, the Attorney General's office was not required to address every argument made by Sassower; under our adversarial system, each party is permitted to make the arguments that he or she believes are most favorable to his or her position. We similarly find unavailing Sassower's argument that the Attorney General, who is a defendant, must be disqualified from representing the Attorney General's codefendants based on a conflict of interest. The Attorney General has a statutory duty to represent defendants in this action, who are united in interest (see Executive Law § 63 [1]; Matter of Grzyb v Constantine, 182 AD2d 942, 943 [1992], lv denied 80 NY2d 755 [1992]).
Supreme Court properly dismissed the claims asserted by the CJA because it was not represented by counsel [FN1]. Corporations are required to appear by attorney to prosecute or defend a civil action (CPLR 321 [a]). Causes of action asserted by a corporation are properly dismissed when the corporation does not appear by attorney (see Moran v Hurst, 32 AD3d 909, 910 [2006]; Ficalora v Town Bd. Govt. of E. Hampton, 276 AD2d 666, 666 [2000], appeal dismissed 96 NY2d 813 [2001]). We further find unavailing Sassower's argument that Executive Law § 63 (1) and State Finance Law article 7-A require that the Attorney General be directed to provide her with representation or intervene on her behalf. Executive Law § 63 (1) empowers the Attorney General to prosecute and defend all actions and proceedings in which the state is interested — it does not authorize the Attorney General to represent private citizens. Similarly, State Finance Law article 7-A contains no provision that requires the Attorney General to prosecute a citizen-taxpayer action commenced by a private citizen or that allows a citizen to compel the Attorney General to provide representation in such actions.
Turning to the merits, Supreme Court properly granted defendants' cross motion for summary judgment dismissing the sixth cause of action, which was divided into sections A through E, and which alleged that the enabling statute that created the Commission is facially unconstitutional with respect to judicial compensation. "A party mounting a facial constitutional challenge bears the substantial burden of demonstrating that[,] in any degree and in every conceivable application, the law suffers wholesale constitutional impairment. In other words, the challenger must establish that no set of circumstances exists under which the [legislation] would be valid" (Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 448 [2003] [internal quotation marks and citations omitted]). Sassower failed to meet this heavy burden.
In sections A and B of the sixth cause of action, Sassower alleged that the enabling statute unconstitutionally delegated legislative authority to the Commission in contravention of the separation of powers doctrine and without reasonable safeguards or standards. "While the Legislature cannot delegate its lawmaking functions to other bodies, there is no constitutional prohibition against the delegation of power to an agency or commission to administer the laws promulgated by the Legislature, provided that power is circumscribed by reasonable safeguards and standards" (Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 97 [2014] [internal quotation marks, brackets and citations omitted]).
A predecessor to the Commission — the Commission on Judicial Compensation — was created in 2010 in response to the Court of Appeals decision in Matter of Maron v Silver (14 NY3d 230) to remedy a separation of powers violation by requiring that the proper level of judicial compensation be determined on a regular basis based on objective factors independent of other political considerations (see Larabee v Governor of the State of N.Y., 27 NY3d 469, 472 [2016]; Senate Introducer's Mem in Support, Bill Jacket, L 2010, ch 567)[FN2]. As relevant here, the Commission was directed to examine, on four-year intervals, the prevailing adequacy of judicial compensation and to make recommendations regarding whether such compensation warrants adjustment during the ensuing four-year period (see L 2015, ch 60, part E; see also Larabee v Governor of the State of N.Y., 27 NY3d at 472). The Legislature further provided for implementation of any increases in compensation (see L 2015, ch 60, part E, § 4). Recommendations regarding judicial compensation are required to be submitted by December 31 of the year in which the Commission is appointed and have the force of law, unless modified or abrogated by statute prior to April 1 of the succeeding year (see L 2015, ch 60, part E; see also Larabee v Governor of the State of N.Y., 27 NY3d at 472).
In the 2015 enabling statute at issue here, the Legislature made the determination that judicial salaries must be appropriate and adequate. The Legislature directed the Commission to [*3]examine judicial salaries and make recommendations regarding the adequacy of judicial compensation based on numerous factors specified by the Legislature, including "the overall economic climate; rates of inflation; changes in public-sector spending; the levels of compensation and non-salary benefits received by executive branch officials and legislators of other states and of the federal government; the levels of compensation and non-salary benefits received by professionals in government, academia and private and nonprofit enterprise; and the state's ability to fund increases in compensation and non-salary benefits" (L 2015, ch 60, part E). The factors established by the Legislature provide adequate standards and guidance for the exercise of discretion by the Commission. Moreover, the enabling statute contains the safeguard of requiring that the Commission report its recommendations directly to the Legislature so that it would have sufficient time to exercise its prerogative to reject any Commission recommendations before they become effective. Thus, we conclude that the statute does not unconstitutionally delegate legislative power to the Commission.
Supreme Court also properly dismissed sections C and D of the sixth cause of action. With respect to section C, we agree that there is no constitutional prohibition against increasing judicial salaries during the term of office (see NY Const, art VI, § 25 [a]). In section D, Sassower alleged that the bill creating the Commission violated NY Constitution, article VII, §§ 2, 3 and 6. Pursuant to article VII, § 2, defendant Governor was required to submit a budget to the Legislature, as relevant here, by February 1, 2015. Inasmuch as Sassower acknowledged that the executive budget was submitted on January 21, 2015, there was no violation of this section. The original executive budget did not provide for creation of the Commission; rather, the enabling legislation was included in a supplemental budget bill that was submitted by the Governor on March 31, 2015 (see 2015 NY Senate-Assembly Bill S4610-A, A6721-A). However, as relevant here, article VII, § 3 allows submission of supplemental budget bills at any time with the consent of the Legislature. Although there is no evidence of formal consent, the Legislature's consideration and passage of the bill without objection is effective consent (cf. Winner v Cuomo, 176 AD2d 60, 64 [1992]). Article VII, § 6 requires that all provisions of any appropriation bill, or supplemental appropriation bill, submitted by the Governor must specifically relate to an appropriation in the bill. The purpose of this article is "to eliminate the legislative practice of tacking on to budget bills propositions which had nothing to do with money matters; that is, to prevent the inclusion of general legislation in appropriation bills" (Schuyler v South Mall Constructors, 32 AD2d 454, 456 [1969]). There was no violation of article VII, § 6 because the purpose for which the Commission was created — to provide for periodic review of the compensation of state officers — relates to items of appropriation in the budget (see id.)[FN3]. Based on the foregoing, Supreme Court properly determined that defendants were entitled to summary judgment dismissing the sixth cause of action.
Supreme Court's dismissal of Sassower's remaining claims does not require extended discussion. The first through fourth causes of action assert claims that had been dismissed as meritless in a prior action. Sassower had commenced an action in 2014 against defendants challenging aspects of the 2014-2015 budget. Supreme Court denied Sassower's motion for leave to amend her complaint in the prior action to, as relevant here, add four causes of action for the 2016-2017 budget year on the ground that they were "patently devoid of merit." Sassower did not appeal from the order that dismissed these claims. Supreme Court properly dismissed the first through fourth causes of action in this case because they are identical to the four proposed causes of action that were dismissed as meritless (see Biggs v O'Neill, 41 AD3d 1067, 1068 [2007]).
The fifth cause of action, which alleges violations of NY Constitution, article VII, §§ 4, 5 and 6, was also properly dismissed. Article VII, § 4 does not apply to appropriations for the Judiciary. The Governor issued a message of necessity that permitted the Legislature to take immediate action on the budget bill that contained the enabling legislation (see NY Const, art VII, § 5; Maybee v State of New York, 4 NY3d 415, 418-420 [2005] [construing a similar [*4]message of necessity provision in NY Const, art III, § 14]), and we have already determined that there was no violation of article VII, § 6.
The seventh cause of action, asserting that the statute was unconstitutional as applied, also was properly dismissed as the Legislature had no duty to exercise any oversight of the Commission and, further, the complaint failed to plead facts legally sufficient to demonstrate that any Commission members were actually biased. Dismissal of the eighth cause of action was also proper because the record shows that the Commission considered the requisite statutory factors in making its recommendation regarding judicial compensation. Supreme Court properly dismissed the ninth cause of action, which challenged the constitutionality of "three-men-in-a-room" budget negotiations between the Governor and the Legislature, because budget negotiations between the Governor and the leaders of the Senate and Assembly are not prohibited. Indeed, the Court of Appeals has observed that state budgets are often a "product of such negotiations, often extremely protracted ones" (Pataki v New York State Assembly, 4 NY3d 75, 85 [2004]).
Supreme Court also properly dismissed the tenth cause of action. The appropriation for state reimbursement for District Attorney salaries specifically supersedes County Law § 700 and any other contrary law. Moreover, the mistaken appropriation for budget year 2014-2015, rather than 2016-2017, was an obvious typographical error that is insufficient to invalidate the legislation (see Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381, 1383 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). Sassower's remaining contentions are either moot or have been considered and found to lack merit.
McCarthy, J.P., Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
Footnotes

Footnote 1: We note that no appeal has been asserted on behalf of the CJA by an attorney (see Schaal v CGU Ins., 96 AD3d 1182, 1183 n 2 [2012]).

Footnote 2: The powers and duties of both the 2010 Commission on Judicial Compensation and the 2015 Commission regarding judicial compensation were substantially identical.

Footnote 3: We find no error in Supreme Court's prior dismissal of section E of the sixth cause of action.